UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Calvin LeSure,<br><br>  Plaintiff,<br><br>v.<br><br>Robert R. Cima, in his individual capacity,<br><br>  Defendant. | Case No. 21-cv-368 (MJD/JFD)<br><br>**ORDER and REPORT AND RECOMMENDATION** |

This matter is before the Court on Defendant Robert R. Cima's Motion to Dismiss and for Summary Judgment (Dkt. No. 31), Plaintiff Calvin LeSure's Motion for Extension of Time for Expert Review (Dkt. No. 42), and Plaintiff Calvin LeSure's Motion for Discovery (Dkt. No. 53). For the reasons set forth below, the Court recommends that Defendant's Motion to Dismiss and for Summary Judgment be granted in its entirety, orders that Plaintiff's Motion for an Extension of Time be denied, and orders that Plaintiff's Motion for Discovery be denied as moot.

**I.    Background**

Plaintiff Calvin LeSure ("Plaintiff") was previously incarcerated at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). (Am. Compl. ¶ 3, Dkt. No. 13.) Defendant Robert Cima ("Defendant") is a licensed medical doctor and surgeon employed by the Mayo Clinic. (*Id.* ¶ 4.) FMC-Rochester contracts with the Mayo Clinic for some medical services. (Answer ¶ 4, Dkt. No. 17.) On September 9, 2014, Defendant operated on Plaintiff. (Am. Compl. ¶¶ 3, 4, 8.) Plaintiff experienced bleeding, tachycardia,

fever, and numerous other complications for several months after the surgery. (*Id.* ¶¶ 8–17.) Defendant operated on Plaintiff again on February 27, 2015. (Answer ¶ 19.) At a follow-up appointment on April 7, 2015, Defendant noted that Plaintiff was "doing well." (*Id.* ¶ 20.)

Plaintiff filed suit on February 8, 2021. He was incarcerated at FMC-Rochester at that time but has since been released. (*See* Pl.'s Mem. Opp'n to Def.'s Mot. Summ. J. at 5, Dkt. No. 47.) Plaintiff is suing Defendant in his individual capacity for "medical negligence and deliberate indifference to a serious medical need," pursuant to 42 U.S.C. § 1983 and the Eighth Amendment. (Am. Compl. ¶ 1.)

On May 4, 2021, Defendant served on Plaintiff a formal demand for an affidavit of expert review, pursuant to Minnesota Statute § 145.682. (*See* Pl.'s Mot. Challenge Demand Expert Aff. at 1, Dkt. No. 21; Szalapski Decl., June 14, 2021, Ex. 1, Dkt. No. 25-1.) That statute requires a plaintiff to serve an affidavit of expert review, along with the summons and complaint, on a defendant when the plaintiff has alleged, *inter alia*, "malpractice, error, mistake, or failure to cure, whether based on contract or tort against a health care provider which includes a cause of action as to which expert testimony is necessary to establish a prima facie case." Minn. Stat. § 145.682, subd. 2. On June 7, 2021, Plaintiff filed a "Notice to the Court: Motion to Challenge the Demand for Expert Affidavit," denying he was bringing any claims under state law. (Pl.'s Mot. Challenge at 1.) Defendant opposed the motion (Dkt. No. 24), and the motion was denied without prejudice as premature on July 29, 2021. (Order at 1, Dkt. No. 28.)

On August 25, 2021, Defendant filed a motion to dismiss Plaintiff's medical negligence claim and for summary judgment on both the medical negligence claim and the deliberate indifference claim. (Def.'s Mot. Dismiss & Summ. J., Dkt. No. 31.) The motion to dismiss was filed pursuant to Minnesota Statute § 145.682, subdivision 6(a), which provides for mandatory dismissal with prejudice, upon motion, when a plaintiff fails to provide an affidavit of expert review within 60 days after a demand for the affidavit. (Def.'s Mem. Supp. Mot. at 7, Dkt. No. 33.) In the summary judgment section of the motion, Defendant contends that the medical negligence claim is time-barred under Minnesota Statute § 541.076(b) and that the Eighth Amendment claim cannot be brought against him, as a private individual, under either 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*Id.* at 9–11.) Plaintiff opposes the motion. (Dkt. Nos. 47, 55.)

II.  **Discussion**

   A.   **Defendant's Motion to Dismiss Plaintiff's Medical Negligence Claim**

Defendant moves to dismiss the medical negligence claim pursuant to Minnesota Statute § 145.682.

> In an action alleging malpractice, error, mistake, or failure to cure, whether based on contract or tort, against a health care provider which includes a cause of action as to which expert testimony is necessary to establish a prima facie case, the plaintiff must . . . serve upon defendant with the summons and complaint an affidavit . . . stat[ing] that . . . the facts of the case have been reviewed by the plaintiff's attorney with an expert whose qualifications provide a reasonable expectation that the expert's opinions could be admissible at trial and that, in the opinion of this expert, one or more defendants deviated from the applicable standard of care and by that action caused injury to the plaintiff . . . .

3

Minn. Stat. § 145.682, subds. 2, 3. If a plaintiff fails to provide an affidavit of expert review within 60 days of a defendant's demand for it, the defendant may bring a motion for dismissal with prejudice, and dismissal is mandatory. Minn. Stat. § 145.682, subd. 6(a).

### 1. Whether Section 145.682 Applies to Plaintiff's Claim

Plaintiff argues § 145.682 does not apply to his medical negligence claim because his medical negligence claim arises under federal law, not state law. (*E.g.*, Pl.'s Mem. Opp'n to Def.'s Mot. Summ. J. at 4–5; *see also* Pl.'s Resp. to Answer at 2, Dkt. No. 27; Pl.'s Resp. to Def.'s Opp'n to Mot. Extension at 4, Dkt. No. 50.) That cannot be so, because "there is no federal common law tort for negligence." *Bryan v. Norfolk & W. Ry. Co.*, 21 F. Supp. 2d 1030, 1038 (E.D. Mo. 1997), *aff'd*, 154 F.3d 899 (8th Cir. 1998). Nor is mere negligence "sufficient to support a cause of action under § 1983," *Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993); or a claim under *Bivens*, *see Flores v. United States*, No. 09-CV-838 (ADM/SRN), 2010 WL 11646677, at *8 (D. Minn. Nov. 29, 2010), *R. & R. adopted*, 2010 WL 11646678 (D. Minn. Dec. 21, 2010), *aff'd*, 689 F.3d 894 (8th Cir. 2012). Thus, if the medical negligence claim is to be brought at all, it must be brought under Minnesota state law.

To the extent Plaintiff did not intend to bring a state-law medical negligence claim, or at some point after filing wanted to delete it, he could have sought leave to amend his complaint or voluntarily dismissed the claim by notice, stipulation, or motion. He did not. Thus, the medical negligence claim remains in the case, and the Court will consider whether it should be dismissed pursuant to Minnesota Statute § 145.682, subdivision 6.

### 2. Application of Section 145.682 to the Medical Negligence Claim

"The Minnesota legislature enacted expert-review and expert-disclosure requirements as a means of readily identifying meritless lawsuits at an early stage of the litigation." *Broehm v. Mayo Clinic Rochester*, 690 N.W.2d 721, 725 (Minn. 2005). To give full effect to the legislature's intent, plaintiffs must strictly comply with Minnesota Statute § 145.682. *Broehm*, 690 N.W.2d at 726. Only rarely does the expert affidavit requirement not apply to medical negligence claims. *Mercer v. Andersen*, 715 N.W.2d 114, 122 (Minn. Ct. App. 2006); *Scher v. Bureau of Prisons*, No. 19-cv-2001 (SRN/BRT), 2021 WL 3426050, at *8 (D. Minn. May 27, 2021) (stating that "expert testimony is necessary to prove medical negligence"); *R. & R. adopted*, 2021 WL 3422216 (D. Minn. Aug. 5, 2021). Expert review is not required only "when the alleged negligent acts are within the general knowledge or experience of laypersons." *Mercer*, 715 N.W.2d at 122.

Plaintiff's medical negligence claim is the type of claim for which an affidavit of expert review is required. Plaintiff alleges that the operation performed by Defendant and Defendant's post-operative care of Plaintiff did not meet the standard of care that Defendant owed to Plaintiff. (Am. Compl. ¶¶ 8–20, 38.) In particular, Plaintiff alleges that a different Mayo doctor expressed concerns about the length of time Plaintiff had been taking strong antibiotics, and also disagreed with Defendant about whether Plaintiff had an abscess or infection in the wound site. (*Id.* ¶¶ 13, 15–18.) Expert testimony is required for these kinds of issues, where the medical diagnoses, strength and duration of prescribed medication, and appropriate standard of care are not within the knowledge or experience of laypersons.

In light of the necessity for expert testimony on Plaintiff's medical negligence claim, Defendant demanded in writing on May 4, 2021, that Plaintiff provide an affidavit of expert review. (Szalapski Decl. Ex. 1.) More than six months have passed since the demand, and there is no indication on the record that Plaintiff has provided the affidavit.

### 3. Plaintiff's Motion for an Extension of Time to Provide the Affidavit

Plaintiff has, however, filed a motion for an extension of time in which to provide the expert affidavit, claiming he has retained an expert to review his case. (Dkt. No. 42.) Plaintiff contemporaneously filed a letter dated August 17, 2021, from Eric Jacobs, the Director of American Medical Experts, LLC, in which Mr. Jacobs said he was assisting Plaintiff in obtaining an expert review and that the review and report could take up to six weeks. (Dkt. No. 43-1.) Mr. Jacobs wrote the letter more than eleven weeks ago, and Plaintiff has not filed any further communications from Mr. Jacobs or served the affidavit of expert review on Defendant.

Plaintiff argues that good cause exists for an extension of time in which to provide the affidavit of expert review, because he was diligent in contacting Mr. Jacobs and submitting medical records for review, and because he was recently released from prison. (Pl.'s Resp. to Def.'s Opp'n to Mot. Extension at 2.) Plaintiff also argues an extension is warranted by excusable neglect. (*Id.* at 3.)

Subdivision 4(b) of § 145.682 permits the Court to "provide for extensions of the time limits" specified in the statute for "good cause shown." Minnesota courts have determined that the good-cause standard "must be read in conjunction with Minn. R. Civ.

P. 6.02," which allows for an extension of time, on motion made after the requisite time period expired, when the failure to act was due to excusable neglect. *Stern v. Dill*, 442 N.W.2d 322, 324 (Minn. 1989); *see Mills v. Mayo Clinic*, No. 19-CV-2859 (SRN/ECW), 2020 WL 7319137, at *2 (D. Minn. Dec. 11, 2020) (applying excusable-neglect standard in determining whether good cause existed under § 145.682, subd. 4(b)). "Excusable neglect exists where the plaintiff (1) has a reasonable suit on the merits, (2) has a reasonable excuse for failure to comply with [the] time limit set forth by Minn. Stat. § 145.682, subd. 2, (3) acted with due diligence after receiving notice of the time limit, and (4) no substantial prejudice results to the defendant." *Anderson v. Rengachary*, 608 N.W.2d 843, 850 (Minn. 2000); *see Mills*, 2020 WL 7319137, at *2 (applying same test).

Plaintiff cannot show excusable neglect because he does not have a reasonable suit on the merits. His medical negligence claim is barred by the four-year statute of limitations provided in Minnesota Statute § 541.076. That statute provides for a four-year statute of limitations for claims "alleging malpractice, error, mistake, or failure to cure, whether based on a contract or tort," brought by a patient against a health care provider. Minn. Stat. § 541.076(b). "Under Minnesota law, a cause of action for medical malpractice generally accrues when the physician's treatment for a particular condition ceases." *D'Amaro v. Joyce*, 297 F.3d 768, 770 (8th Cir. 2002) (citing *Fabio v. Bellomo*, 504 N.W.2d 758, 762 (Minn. 1993)).

Here, Defendant's post-operative treatment of Plaintiff ended on April 7, 2015. (Am. Compl. ¶ 20; Cima Decl. Ex. 1 at 2, Dkt. No. 34-1.) The four-year statute of limitations for the medical negligence claim therefore expired on April 7, 2019. Plaintiff

7

filed this action more than a year later, on February 8, 2021. Consequently, the medical negligence claim is time-barred.

Plaintiff attempts to save his claim by arguing that a cause of action does not accrue until an injury is actually discovered. (Pl.'s Mem. Opp'n to Mot. Dismiss at 1, Dkt. No. 55.) Plaintiff also represents that Defendant operated on him again in February 2020 as a result of the alleged negligence that occurred in 2014 and 2015 and due to related ongoing health problems. (*Id.* at 2.)

Plaintiff makes these arguments in an unauthorized sur-reply memorandum, which Defendant has asked the Court to strike. (Szalapski Letter at 1, Dkt. No. 57). District of Minnesota Local Rule 7.1(i) prohibits unsolicited memoranda of law, and the sur-reply should be disregarded accordingly. *See Frazier v. Bickford*, No. 14-CV-3843 (WMW/TNL), 2016 WL 10952821, at *2 n.2 (D. Minn. Mar. 31, 2016) (declining to consider unauthorized brief).

But even if the Court were to consider the sur-reply, Minnesota does not follow the rule that a cause of action accrues when the injury is discovered. *See Johnson v. Winthrop Labs. Div. of Sterling Drug, Inc.*, 190 N.W.2d 77, 80 (Minn. 1971). Rather, a statutory limitations period starts to run when treatment stops. *Id.* Plaintiff's first argument therefore does not affect the statute of limitations.

As to Plaintiff's second point, he may be suggesting that ongoing treatment by Defendant affected the accrual date or tolled the statute of limitations. Under the "continuing course of treatment" doctrine, a statute of limitations may be "tolled until treatment is ceased by the negligent physician for the injury which formed the basis for the

cause of action." *Fabio v. Bellomo*, 504 N.W.2d 758, 764 (Minn. 1993). For the doctrine to apply, there must be (1) "a relationship between physician and patient with regard to the illness"; (2) the physician must be "attending and examining the patient"; and (3) "there is something more to be done." *Id.* Neither the second nor the third factors exist here. Plaintiff does not allege in the Amended Complaint, argue in his sur-reply, or show through evidence that Defendant attended or examined Plaintiff between April 2015 and February 2020. Nor does Plaintiff allege, argue, or show that the parties contemplated additional treatment after April 2015. To the contrary, Defendant wrote on a visit summary for April 7, 2015 that Plaintiff was "doing well. At this point in time, no further followup required with me." (Cima Decl. Ex. 1 at 2.) The Court finds that the continuing course of treatment doctrine does not affect the accrual date or toll the statute of limitations. Thus, the medical negligence claim is time-barred.

Returning to the factors relevant to determining excusable neglect, the Court further finds that Plaintiff did not act with due diligence after learning of the affidavit-of-expert-review requirement. Six months have passed since Defendant first demanded the affidavit, and Plaintiff retained Mr. Jacobs more than eleven weeks ago, yet no affidavit of expert review has been produced. The Court is sympathetic to Plaintiff's point that release from prison brings challenges (Pl.'s Mem. Opp'n to Def.'s Mot. Summ. J. at 5), but even incarcerated pro se litigants must comply with the expert review requirement. *Batista v. United States*, No. 16-CV-794 (PJS/DTS), 2017 WL 3190648, at *10 (D. Minn. June 9, 2017), *R. & R. adopted*, 2017 WL 3190563 (D. Minn. July 26, 2017). And Plaintiff has now had six months to comply.

9

In addition, the initial affidavit requirement is not onerous. *See id*. The affidavit must aver only that Plaintiff has reviewed the facts of the case "with an expert whose qualifications provide a reasonable expectation that the expert's opinions could be admissible at trial and that, in the opinion of this expert, one or more defendants deviated from the applicable standard of care and by that action caused injury to the plaintiff." Minn. Stat. § 145.682, subd. 3(1). The statute specifically contemplates that a plaintiff may be acting pro se and provides that the pro se plaintiff may sign the affidavit. *Id.*, subd. 5.

In sum, the Court finds that Plaintiff's failure to serve the initial affidavit of expert review was not due to excusable neglect, and good cause does not exist to extend the time for him to do so. Plaintiff's motion for an extension of time in which to serve the affidavit is therefore denied. Furthermore, because Plaintiff has not complied with subdivision 2 of § 145.682, dismissal with prejudice of his medical negligence claim is mandatory under subdivision 6. Accordingly, the Court recommends dismissal of Plaintiff's medical negligence claim.

### B. Defendant's Motion for Summary Judgment

#### 1. Standard of Review

A party is entitled to summary judgment by showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ P. 56(a). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphases in original). Materiality is determined by the

applicable substantive law. *Id.* at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). A dispute is "genuine" if the evidence would support a reasonable jury's verdict for the nonmovant. *Id.* The Court views the evidence and draws all reasonable inferences in the nonmovant's favor. *Windstream Corp. v. Da Gragnano*, 757 F.3d 798, 802–03 (8th Cir. 2014).

### 2. Statute of Limitations for Medical Negligence Claim

Defendant argues that Plaintiff's medical negligence claim is barred by the applicable statute of limitations in Minnesota Statute § 541.076. The Court has already concluded in Section II.A.3 *supra* that the medical negligence claim is time-barred and incorporates those findings and conclusion here. Therefore, in the alternative to dismissal under Minnesota Statute 145.682, subdivision 6, Defendant is entitled to summary judgment on the medical negligence claim.

### 3. Plaintiff's Deliberate Indifference Claim

The Amended Complaint identifies 42 U.S.C. § 1983 as the vehicle through which Plaintiff brings his claim for deliberate indifference to serious medical needs. (Am. Compl. ¶ 1.) Plaintiff has since repeated in multiple filings that the claim is brought under § 1983. (*E.g.*, Pl.'s Mem. Opp'n to Def.'s Mot. Summ. J. at 3, 6; Pl.'s Mot. Challenge at 1; Pl.'s Resp. to Answer.)

To succeed on a § 1983 claim, a plaintiff must (1) "prove that the defendant has deprived him of a right secured by the 'Constitution and laws' of the United States" and (2) show that the defendant acted "under color" of state law. *Adickes v. S. H. Kress & Co.*,

11

398 U.S. 144, 150 (1970). "Only state actors can be held liable under Section 1983." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001).

Defendant is not a state actor. He is a private individual employed by the Mayo Clinic, a non-profit corporation. (Cima Decl. ¶ 1; Coyle Decl. ¶ 3, Dkt. No. 35.) Although private individuals may be liable under § 1983 if they willingly participated "in a joint action with public servants acting under color of state law," *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999), Plaintiff has provided no evidence of such activity. Moreover, the prison officials at FMC-Rochester are federal, not state, officials.

The Court has also considered whether Plaintiff's deliberate indifference claim could be maintained under *Bivens*. "An action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials." *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990). But Defendant is not a federal official, either. He is a private individual employed by a private entity, and thus may not be sued under *Bivens*. *See Brown v. Cooper*, No. 18-CV-219 (DSD/BRT), 2018 WL 6977594, at *17 (D. Minn. Dec. 11, 2018) (stating "the Mayo Clinic is a private entity and Dr. Baqir works for the Mayo Clinic, not the BOP.[] Therefore, Plaintiff cannot bring any *Bivens*-type claims against the Mayo Defendants."), *R. & R. adopted*, 2019 WL 121943 (D. Minn. Jan. 7, 2019), *aff'd as modified*, No. 19-1387, 787 F. App'x 366, 2019 WL 6824849 (8th Cir. Dec. 13, 2019).

## C. Plaintiff's Motion for Discovery

In light of the Court's recommendation that both of Plaintiff's claims be dismissed, the Court denies as moot Plaintiff's Motion for Discovery (Dkt. No. 54). In the alternative,

the motion is denied because Plaintiff has not identified the documents Defendant has withheld from production or explained how Defendant's production is deficient, *see* D. Minn. LR 37.1(b), (d); the time period for Defendant to respond to Plaintiff's discovery requests has not expired, *see* Fed. R. Civ. P. 34(b)(2)(A); and Plaintiff has not met and conferred with Defendant in a good-faith effort to resolve any discovery disputes, *see* D. Minn. LR 7.1(a).

### III. Recommendation and Order

Accordingly, based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant Robert R. Cima's Motion to Dismiss and for Summary Judgment (Dkt. No. 31) be **GRANTED** as follows:

1. The medical negligence claim be **DISMISSED with prejudice** pursuant to Minnesota Statute § 145.682, subdivision 6, or alternatively under Federal Rule of Civil Procedure 56; and

2. The deliberate indifference claim be **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 56.

**IT IS FURTHER ORDERED** that:

1. Plaintiff Calvin LeSure's Motion for Extension of Time for Expert Review (Dkt. No. 42) is **DENIED**; and

    2. Plaintiff Calvin LeSure's Motion for Discovery (Dkt. No. 53) is **DENIED AS MOOT**.

Dated: November 15, 2021        *s/ John F. Docherty*
                                        JOHN F. DOCHERTY
                                        United States Magistrate Judge

### NOTICE

**Filing Objections:** The Court's Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).